UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

Docket No. _____

**Robert F. Femino,**

*Plaintiff*

v.

**Sedgwick Claims Management Services, Inc. and**

**Keysight Technologies, Inc.**

*Defendants*

## COMPLAINT

### PARTIES

Robert F. Femino is a natural person residing at 2 Gilda Circle, Woburn, Massachusetts 01801.

Sedgwick Claims Management Services, Inc. [Sedgwick] is a corporation headquartered at 8125 Sedgwick Way, Memphis Tennessee 38125.

Keysight Technologies, Inc. [Keysight] is a corporation headquartered at 1400 Fountaingrove Parkway, Santa Rosa, California 95403.

### JURISDICTION

Subject matter jurisdiction is proper under the diversity statute where the amount in controversy exceeds $75,000, and the Plaintiff and Defendants are from different states. [28 U.S.C. Section 1332].

Personal jurisdiction is proper over Defendant Sedgwick because it has extensive business contacts in the Commonwealth of Massachusetts.

Personal jurisdiction is proper regarding Defendant Keysight because is has extensive business contacts in the Commonwealth of Massachusetts.

**VENUE**

Venue is proper because this is the jurisdiction where a substantial part of the events giving rise to the claim occurred.

**FACTS**

1.  Robert F. Femino was a longtime employee of Agilent Technologies.

2.  Mr. Femino was employed as a Human Resources Senior Manager.

3. In October 2006, Mr. Femino suffered a heart attack.

4. Sedgwick administered insurance claims for Agilent Technologies.

5. Agilent became Keysignt Technologies in 2013.

6. Mr. Femino applied to Sedgwick for disability benefits.

7. Sedgwick arranged for Mr. Femino to be evaluated by Richard Fraser, M.D.

8. Mr. Femino relates that Doctor Fraser administered a cursory examination, and that Doctor Fraser, "… didn't even put the stethoscope flat on my chest to listen to my chest or back sounds." [Femino email to Attorney].

9. Doctor Fraser [Fraser] on 26 March 2008 wrote to Sedgwick, "Overall, it is my opinion that the claimant is not restricted from performing his job duties."

10. Subsequent to the Fraser diagnosis, Mr. Femino was evaluated by his physician, Stephen P. Ranere, M.D., who wrote on 23 June 2008, "It is my medical opinion at this time that Mr. Femino's condition **will not** [sic] improve and that he is permanently disabled from work."

11. The Social Security Administration approved disability benefits for Mr. Femino in April 2007.

12. Apparently, based on that approval, Sedgwick also approved Mr. Femino's long term disability and sent a notice stating, "Your leave request is approved through 31-Oct-2019." [Exhibit A].

13. The spouse of the Plaintiff telephoned Sedgwick several times, and listened to a recorded message—that benefits were approved through October 2019. [Affidavit]

14. The final benefit check from Keysight was deposited on or about 6 November 2018.

15. The Plaintiff made an inquiry of Sedgwick—that his benefits had been terminated prematurely.

16. One Tia Vickers, speaking on behalf of Sedgwick stated in a telephone conversation with Plaintiff that the approval extending through 31 October 2019 had been a typographical error.

17. Subsequent to the cessation of benefits, the Sedgwick telephone recording regarding October 2019 was no longer accessible

18. The amount of benefits the Plaintiff would have received through October 2019 is $95,520.

19. Absent one year of disability benefits, Plaintiff was prematurely forced to take retirement annuity distribution which would approximately replace the Sedgwick disability benefits but forever lock in the lifetime monetary annual amount with zero ability or rights to access the principle.

## CAUSE OF ACTION

## BREACH OF CONTRACT

An implied-in-fact contract arose between the parties because the Defendants offered to pay the Plaintiff a monthly disability benefit. The offer was the first check issued by the Defendants. The Plaintiff accepted when he cashed or otherwise accepted the deposit of the first check. Checks were issued monthly for years, and the Plaintiff reasonably believed the checks would continue through October 2019 because of written and telephone assurances. The Defendants breached the contract when they stopped the payments one year prematurely.

But for the cessation of disability payments, the Plaintiff would not have had to dip into other accounts. Accessing these accounts carried heavy financial penalties.

**WHEREFORE,** the Plaintiff demands $1,000,000, the sum that would restore the Plaintiff to the economic position Plaintiff expected from performance of the promise-- the benefit-of-the-bargain measure of damages.

Plaintiff requests trial by Jury.

14 July 2020


Respectfully Submitted,

Robert Femino by his Attorney,

_____/s/_____
Mark Ellis O'Brien
Post Office Box 342
Lunenburg, Massachusetts 01462
978.790.1936.
justice457@gmail.com